**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Case No. | CR-21-76-SLP-3 |
| | ) | | CIV-24-1035-SLP |
| ARMANDO MARTINEZ RODRIGUEZ, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**O R D E R**

Before the Court is Defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 739], to which

the Government has responded [Doc. No. 749]. Defendant has not filed a reply and the

time for doing so has expired. Upon review and for the reasons that follow, the § 2255

Motion is DENIED.

**I.      Introduction**

Defendant was charged in 9 counts of a 196-count indictment brought against 18

defendants. *See* Doc. No. 109. On June 13, 2022, Defendant entered a guilty plea to drug

conspiracy (Count 1) and money laundering conspiracy (Count 61). *See* Doc. Nos. 346,

347 and 348. Defendant was sentenced to a total term of 324 months' imprisonment as to

Count 1 and 240 months' imprisonment on Count 61, with the counts to be served

concurrently. *See* Doc. No. 647. Defendant did not file a direct appeal of his conviction

and sentence.

**II.     Defendant's § 2255 Claim**

Defendant brings a claim of ineffective assistance of trial counsel.  He argues that he was given a "leadership role enhancement and more time" than his co-defendants because his counsel did not investigate and object to the Presentence Investigation Report (PSR).

In response, the Government argues that Defendant cannot establish prejudice because "his adjusted total offense level was so high that the role enhancement had no impact on his advisory Guidelines range."  Resp. at 1.  For the reasons the follow, the Court agrees with the Government and finds Petitioner is not entitled to relief.

**III.    Discussion**

Defendant's ineffective assistance of counsel claim is governed by the well-established framework set forth in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  To establish ineffective assistance of counsel, a movant must show (1) that counsel's representation was deficient because it "fell below an objective standard of reasonableness" and (2) that counsel's "deficient performance prejudiced the defense." *Id*. "The court may address the two *Strickland* prongs in either order and need not address both if the defendant has failed to satisfy one." *Frederick v. Quick*, 79 F.4th 1090, 1105 (10th Cir. 2023) (citing *Strickland*, 466 U.S. at 697).

Under the prejudice prong, the defendant must show "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id*. at 1105 (citing *Strickland*, 466 U.S. at 694).  Here, the only discernible challenge Defendant makes with respect to his sentence is that had counsel objected to the

2

role enhancement, he would have received a lower sentence. But he offers no factual support for this argument.

Defendant's plea agreement and the record preclude a finding of *Strickland* prejudice. Defendant stipulated to the following facts: (1) his conduct involved at least 45 kilograms of actual methamphetamine; (2) he maintained at least two premises for the purposes of storing and distributing methamphetamine; (3) dangerous weapons were possessed as part of the relevant conduct in his case; and (4) the methamphetamine at issue was imported from Mexico. *See* Doc. No. 347 at 12.

As reflected in the PSR, on the drug conspiracy charge, those stipulated facts served as the basis for the U.S. Probation Officer's calculation of an offense level of 44. That offense level was arrived at before adding three more points for role enhancement, which resulted in an adjusted offense level of 47. *See* Doc. No. 545 at ¶¶ 54-59.

On the money laundering conspiracy charge, the offense level was calculated at 44, due to the drug conspiracy offense level which served as the underlying offense. *Id.*, ¶ 62. Because Defendant was convicted under 18 U.S.C. § 1956, he received a two-level increase, resulting in a modified base offense level of 46. With the three points then added for Defendant's role enhancement, the resulting offense level was 49. *Id.*, ¶¶ 62-67. Defendant received a three-point reduction for acceptance of responsibility, resulting in a total offense level of 46. *Id.*, ¶¶ 70-71.

With Defendant's offense level calculated at 46, it was one of the "rare instances" in which a total offense level is in excess of 43. Therefore, as reflected in the PSR, his offense level was treated as 43 pursuant to Chapter 5, Part A (comment n. 2) of the

Sentencing Guidelines. *Id.*, ¶ 72.

Based on Defendant's total offense level of 43 and his criminal history category of I, the U.S. Probation Officer calculated Defendant's advisory sentence Guidelines range as life in prison. *Id.*, ¶ 100. Neither party objected to the PSR as written. *Id.* at p. 25.

On September 29, 2023, as set forth, the Court sentenced Defendant to 324 months' imprisonment, consisting of 324 months on the drug conspiracy and 240 months on the money laundering conspiracy, with the sentences to run concurrently. *See* Doc. 647. His sentence was below the advisory Guidelines range.

Defendant cannot show the requisite prejudice to support his claim of ineffective assistance of counsel. As set forth, his role enhancement did not impact his advisory Guidelines range. As the Government argues, even without the role enhancement, Defendant's adjusted offense level on the money laundering conspiracy count still would have been 46 – based on the stipulated facts in Defendant's plea agreement. Thus, his total offense level would have remained 43 and his advisory Guidelines range would have remained life. Defendant has not alleged, much less factually supported, the likelihood of a different result in his sentencing. Defendant's speculation, without more, that had counsel objected to the role enhancement, the Court would have imposed a lower sentence, is insufficient to establish constitutionally ineffective assistance of counsel.

## IV. <u>Evidentiary Hearing</u>

In a § 2255 proceeding, the district court is not required to grant an evidentiary hearing on a defendant's claims where "the motion and the files and records of the case conclusively show that the [defendant] is entitled to no relief. . . ." 28 U.S.C. § 2255. The

4

court concludes that the record in this case conclusively shows that Defendant is not entitled to any relief on the claim he asserts. Therefore, Defendant is not entitled to an evidentiary hearing.

## V.   Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 739] is DENIED. A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). To make this showing, Defendant "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[.]'" *United States v. Manzanares*, 956 F.3d 1220, 1226-27 (10th Cir. 2020) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that Defendant has not made a substantial showing of the denial of a constitutional right. Therefore, a COA is DENIED and the denial shall be included in the judgment.

IT IS SO ORDERED this 28th day of May, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

5